UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARY WILKES SHORT, et al.<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant | Case No. 1:18-cv-00074-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

# I. INTRODUCTION

Pending before the Court is a Motion to Quash Subpoena (Dkt. 28). The motion relates to a subpoena for production of documents served by Defendant United States of America on QBE Insurance Corporation ("QBE"). Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented.[1] Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the motions without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). For the reasons stated below, the motion is denied without prejudice.

# II. BACKGROUND

This case arises out of an airplane crash that occurred in Idaho on April 10, 2015. The pilot, John H. Short, and his three passengers, Russell Taylor Cheney, Aaron J. Linnell,

---

[1] QBE did not file a Reply in support of its Motion to Quash.

and Andrew David Tyson, were fatally injured in the accident. The estates of the three passengers brought suit against the Estate of John H. Short, the John H. Short Revocable Trust, and Mary Wilkes Short in Summit County, Utah ("Utah case"). The Utah case settled before trial. The defendants in the Utah case, now Plaintiffs in this action, seek indemnity or contribution from Defendant United States for the settlements, fees, and costs related to the Utah case. The Estate of John H. Short, as a defendant in the Utah case, was insured by QBE with respect to the accident.

On July 25, 2019, Defendant United States sent a subpoena to QBE in care of the CT Corporation (QBE's registered agent for service of process) by 2 Day FedEx. A copy of the subpoena was also provided to Plaintiffs' counsel by email the same day. The subpoena was received by CT Corporation on July 29, 2019. Although, because the action is pending in this Court, the subpoena was issued by the District of Idaho, the subpoena provided that QBE was to produce the requested documents in Washington, DC on August 9, 2019.[2] Among other things, the subpoena requested that QBE produce the entire claims file for the airplane accident, and all documents referring or relating to Short, his widow, or to Cheney, Linnell, or Tyson.

Plaintiffs served objections to the subpoena by email on August 2, 2019, asserting that "the requested materials are protected as attorney work product." Dkt. 29-3, Ex. C, at 3. On August 9, 2019, the same day the materials were required to be produced, QBE also served objections to the subpoena by email. Dkt. 29-4, Ex. D. QBE objected to all of the

---

[2] The subpoena required production either in person, by facsimile, or by FedEx.

requests for production "on grounds that they were prepared in anticipation of litigation and are protected by attorney-client privilege and/or work product privilege." *Id*. at 4. QBE stated further that "the request is overly broad, unduly burdensome, and fails to allow sufficient time for QBE Insurance Company to comply." *Id*. QBE filed the instant motion to quash the subpoena in this Court on August 9, 2019. Dkt. 28. Neither Plaintiffs nor QBE submitted a privilege log with either their objections or QBE's motion. To date, QBE has not provided Defendant United States with a privilege log and has not produced any responsive documents.

### III. LEGAL STANDARD

Defendant United States' subpoena to QBE was issued pursuant to Federal Rule of Civil Procedure 45. Under Rule 45(d), a court may quash or modify a subpoena upon timely motion on the grounds stated in the rule.[3] Fed. R. Civ. P. 45(d)(3)(A). Rule 45(a)(2) requires that a subpoena must issue from the court where the action is pending. However, since Rule 45 was amended in 2013, Rule 45(d)(3)(A) requires that challenges to a subpoena must be heard by "the court for the district where compliance is required." *Id*. Thus, "when a motion to quash a subpoena is filed in a court other than the court where compliance is required, that court lacks jurisdiction to resolve the motion." *Europlay Capital Advisors, LLC v. Does*, 323 F.R.D. 628, 629 (C.D. Cal. 2018) (internal quotation marks and citation omitted).

---

[3] On timely motion, the court must quash or modify a subpoena that: fails to allow a reasonable time to comply; requires a person to comply beyond specified geographical limits; requires disclosure of privileged or other protected matter, if no exception or waiver applies; or subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A)(i)-(iv).

# IV. DISCUSSION

Upon examination of the Defendant United States' subpoena to QBE, it appears that this Court is not the proper court in which to seek protection from the subpoena under the Federal Rules of Civil Procedure. Rule 45 repeatedly highlights that the district where compliance is required is the appropriate court to enforce or quash a subpoena. *See* Fed. R. Civ. Proc. 45(3)(a) ("On timely motion, the court for the district where compliance is required must quash or modify a subpoena"); 45(3)(B) ("To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena"); 45(f) ("When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances"); 45(g) ("The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.").

Although, in the absence of a privilege log or any specific objections to the requested documents, this Court would be inclined to enforce the subpoena, the Court lacks jurisdiction to do so. Under Federal Rule of Civil Procedure 45, subpoenas are issued from the court where the action is pending but motions arising out of those subpoenas are decided by the court where compliance is required (unless the latter transfers the dispute to the court where the action is pending). Therefore, this Court lacks jurisdiction to consider QBE's Motion. *Europlay*, 323 F.R.D. at 629; *Hammer v. City of Sun Valley*, 2019 WL 958360 at *5 (D. Idaho 2019); *Agincourt Gaming, LLC v. Zynga, Inc.*, 2014 WL 4079555,

at *3 (D. Nev. 2014) ("Under the current version of the Rule, when a motion to quash a subpoena is filed in a court other than the court where compliances is required, that court lacks jurisdiction to resolve the motion."); *Chambers v. Whirlpool Corp.*, 2016 WL 9451360, at *3 (C.D. Cal. 2016) (same). Though this Court issued the July 25, 2019 subpoena requiring QBE's production of documents, the subpoena required that the documents were to be produced in Washington DC. It is therefore the federal district court for the District of Columbia where QBE's Motion is properly pursued. QBE's Motion to Quash is accordingly denied.

## V. ORDER

**IT IS HEREBY ORDERED:**

1. QBE's Motion to Quash Subpoena (Dkt. 28) is **DENIED** without prejudice.

DATED: October 23, 2019

_____
David C. Nye
Chief U.S. District Court Judge