Mark S. Northcraft, Esq., ISBN 9892
Aaron D. Bigby, Esq., ISBN 10172
NORTHCRAFT BIGBY PC
819 Virginia Street, Suite C-2
Seattle, WA  98101
Telephone:  (206) 623-0229
Facsimile:  (206) 623-0234
Emails:  marks_northcraft@northcraft.com
         aaron_bigby@northcraft.com

Hunter J. Shkolnik, Esq., *pro hac vice*
Brett S. Bustamante, Esq., *pro hac vice*
NAPOLI SHKOLNIK PLLC
400 Broadhollow Road, Suite 305
Melville, NY  11747
Telephone:  (212) 397-1000
Facsimile:  (646) 843-7603
Emails:  hunter@napolilaw.com
         bbustamante@napolilaw.com

*Attorneys for Plaintiffs*

The Honorable Bill R. Wilson

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO, SOUTHERN DIVISION

| | |
|---|---|
| MARY WILKES SHORT, LEONARD SHORT, LEVI WILKES, AMY WEILOCH, LESLIE WEILER, MEGAN WILKES, SHANNON WILKES, ANNA RUTH TRENTADUE, INDIVIDUALLY, F.C.C., A MINOR and J.P.C., A MINOR, BY AND THROUGH THEIR NATURAL GUARDIAN AND MOTHER, ANNA RUTH TRENTADUE, ERICA D. LINNELL, ARTHUR THOMAS LINNELL, SHERI LYNNE LINNELL, AND MOLLY TYSON,<br><br>                                    Plaintiffs,<br><br>             v.<br><br>UNITED STATES OF AMERICA,<br><br>                                    Defendant. | No. 1:18-cv-00074-BRW<br><br>**PLAINTIFFS' MOTION FOR RECONSIDERATION REGARDING THE ADMISSIBILITY OF THE NTSB "MAPS AND DIAGRAMS" DOCKET AND THE 1995 NTSB FACTUAL REPORT AVIATION** |

**PLAINTIFFS' MOTION FOR RECONSIDERATION REGARDING
THE ADMISSIBILITY OF THE NTSB "MAPS AND DIAGRAMS"
DOCKET AND THE 1995 NTSB FACTUAL REPORT AVIATION - 1**

I.   **RELIEF REQUESTED**

COME NOW the Plaintiffs and request that this Court reconsider its Order (Dkt. No. 40) denying the admissibility of the "Maps and Diagrams" docket from the 2015 NTSB Factual Report and the 1995 NTSB Factual Report Aviation. (Dkt. Nos. 36-8, 36-10).

II.   **EVIDENCE RELIED UPON**

1.   The Declaration of Christina J. Weidner in Support of Plaintiffs' Motion for Reconsideration Regarding the Admissibility of the NTSB "Maps and Diagrams" Docket and the 1995 NTBS Factual Report Aviation with exhibits attached;

2.   The Second Declaration of Mark A. Pottinger with exhibits attached;

3.   The Declaration of Haley D. Galbraith with exhibits attached;

4.   The Declaration of Clyde Pittman with exhibits;

5.   The Declaration of J.R. Williams; and

6.   The documents and files herein.

III.   **AUTHORITY**

**A.   The "Maps and Diagrams" are relied upon by Plaintiffs' expert and key witnesses**

This Court excluded the NTSB's "Maps and Diagrams" docket based on Defendant's representation that no experts in this case intended to rely on the "Maps and Diagrams" docket. (Dkt. No. 39 at 5; Dkt. No. 40). Defendant's representation regarding the "Maps and Diagrams" docket is incorrect. Pursuant to Rule 60, a court may relieve a party from an order due to "misrepresentation, or misconduct by an opposing party" FRCP 60(b)(3).

Unfortunately, counsel for the Defendant has misrepresented to the Court that no experts in this case rely on the "Maps and Diagrams" docket from the NTSB's 2015 Factual Report. That is, the USA Response stated "[i]t is the United States' understanding that none of the experts in

this case intend to rely on the "Maps and Diagrams" section. (Dkt. No. 39 at 5). This is a misrepresentation because Plaintiffs' experts, Mark Pottinger and Douglas Stimpson, specifically relied upon images 8, 11, and 14 from the "Maps and Diagrams" docket in investigating the accident and formulating their opinions in this case. (Second Declaration of Mark Pottinger, hereafter "Pottinger Decl." Ex. 1 at 13, 22-23). The Stimpson and Pottinger report, which has Pictures 8, 11, and 14 from the "Maps and Diagrams" docket set forth therein, was disclosed to Defendant through an expert disclosure on June 5, 2019. (Declaration of Christina J. Weidner, hereafter "Weidner Decl." Ex. 1).

As another example of the awareness that Mr. Pottinger was relying upon the NTSB pictures, including Picture 11, during the deposition of Mr. Pottinger, counsel for the USA specifically marked the Stimpson and Pottinger report as Exhibit 3 and asked questions regarding Picture 11. (Weidner Decl. Ex 4 at 11:3-25, 27:3-7, 30:24-32:11). The disclosure of the Stimpson and Pottinger report and the questioning by counsel with regard to the report, including Picture 11, establishes without question that counsel for the Defendant was well aware that Mr. Pottinger and Mr. Stimpson relied on the NTSB's "Maps and Diagrams" docket in formulating their opinions as demonstrated thereby. (Second Pottinger Decl. Ex. 1 at 13, 22-23).

Additionally, two lay witnesses rely on pictures from the "Maps and Diagrams" docket to identify the trees involved in the 2015 crash. At his deposition, Mark Lessor, a key witness in this case, used photos 5 and 6 from the "Maps and Diagrams" docket to identify the trees in the picture and also relied upon these pictures to identify the controlling obstruction for the Airport. (Weidner Decl. Ex. 2 at 21:6-23:16, 24:1-17; Ex. 2A). Counsel for the Defendant, Ms. Debra Fowler, was present at Mr. Lessor's deposition. (*Id.* at 2:20).

**PLAINTIFFS' MOTION FOR RECONSIDERATION REGARDING
THE ADMISSIBILITY OF THE NTSB "MAPS AND DIAGRAMS"
DOCKET AND THE 1995 NTSB FACTUAL REPORT AVIATION - 3**

Another key witness, Michael Bennett, also relied on photos 5 and 6 from the "Maps and Diagrams" docket to testify that the trees at the departure end of Runway 04/22 are depicted therein. (*Id.* Ex. 3 at 15:12-17:7, Ex. 1-B). Ms. Fowler, counsel for the Defendant, was present for this deposition as well. (*Id.* at 2).

Pictures 5, 6, 8, 11, and 14 in the NTSB "Maps and Diagrams" docket are used by experts to formulate their opinions and witnesses in this case have testified to the content thereof. These pictures and the testimony of the experts and witnesses regarding the content of the pictures are relevant to a number of issues in this case, including but not necessarily limited to, where the accident happened; how the accident happened; which trees were involved in the accident; that the grove of coniferous trees became the controlling obstruction for the Airport; that these trees are the trees that were later cut down by Mr. Williams; and that these trees were the same trees that existed at the end of the runway at its inception in 1965, in 1995 when the earlier accident occurred, in circa 2006 when they burned and died, in 2011 when the FARs deemed them to be hazards to air navigation, in 2014 when the USFS Airfield Operations directives required that they be cut down or the Airport closed, and the trees that killed the Plaintiffs' decedents. Therefore, at the very least, NTSB pictures 5, 6, 8, 11, and 14 from the "Maps and Diagrams" docket should be admitted since expert witnesses rely upon them for their opinions and lay witnesses identify what is depicted therein and rely on them to provide their testimony, all of which is relevant to the issues in this case.

**B.     Plaintiffs' fact witnesses and experts present evidence that the same and only grove of coniferous trees located at the departure end of Runway 04/22 on the creek side thereof was involved in both the 1995 and the 2015 plane crashes**

The Court stated that Plaintiffs could provide additional support for the position that the trees involved in the 1995 accident were the same as the trees involved in the 2015 accident. (Dkt.

No. 40). Pursuant to Rule 60, a Court may relieve a party of an order for a reason that justifies relief. FRCP 60(b)(6). Here, the Court has invited Plaintiffs to submit further evidence regarding the 1995 crash. (Dkt. No. 40). Plaintiffs have substantial evidence to prove that the same grove of coniferous trees was involved in both the 1995 and the 2015 plane accidents at the Upper Loon Creek Airport ("Airport"). This evidence is presented through Plaintiffs' two experts: Ms. Haley Galbraith, an arborist, and Mr. Clyde Pittman, an obstruction expert engineer. (Declaration of Haley Galbraith, hereafter "Galbraith Decl.;" Declaration of Clyde Pittman, hereafter "Pittman Decl."). This evidence is further presented by way of the Declaration of J.R. Williams, who cut down the trees after the 2015 accident, pursuant to the authorization received from the USFS, and then in July of 2019 photographed the stumps which depicted the tree rings of the stumps of the trees that he and his colleagues cut down. (Declaration of J.R. Williams hereafter "Williams Decl." at 2). When Mr. Williams took the pictures, this digital camera recorded the latitude and longitude of the stumps set forth in his pictures. (Williams Decl. at 2; Galbraith Decl. Ex. 1 at 36). Based upon the rings in the pictures, the latitude and longitude of the stumps, and by other means set forth in her expert report, Ms. Galbraith assessed the age, height, and location of the trees in the grove in the years 1965, 1995, and 2015. (Galbraith Decl. Ex. 1 at 3). Then, based on Ms. Galbraith's report and the latitude and longitude of the stumps, Mr. Pittman developed depictions of the height and location of the trees. (Pittman Decl. Ex. 13 at 11). As depicted in the depictions prepared by Mr. Pittman, it is visually clear that the same and only grove of coniferous trees at the departure end of Runway 04/22 on the creek side were implicated in both the 1995 and 2015 accidents.

///

///

**PLAINTIFFS' MOTION FOR RECONSIDERATION REGARDING
THE ADMISSIBILITY OF THE NTSB "MAPS AND DIAGRAMS"
DOCKET AND THE 1995 NTSB FACTUAL REPORT AVIATION - 5**

## IV.     CONCLUSION

For the foregoing reasons, this Court should relieve Plaintiffs of its previous order and admit at least Pictures 5, 6, 8, 11, and 14 in the "Maps and Diagrams" docket (Dkt. No. 36-8) and the 1995 Factual Report Aviation (Dkt. No. 36-10) into evidence.

DATED this 20th day of December, 2019.

/s/ Mark S. Northcraft
/s/ Aaron D. Bigby
Mark S. Northcraft, ISBN 9892
Aaron D. Bigby, ISBN 10172
Northcraft Bigby PC
819 Virginia Street, Suite C-2
Seattle, WA  98101
Telephone:  (206) 623-0229
Facsimile:  (206) 623-0234
Emails:  marks_northcraft@northcraft.com
           aaron_bigby@northcraft.com
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

On December 20, 2019, I arranged the foregoing Plaintiffs' Motion for Reconsideration Regarding the Admissibility of the NTSB "Maps and Diagrams" Docket and the 1995 NTSB Factual Report Aviation to be filed electronically through the CM/ECF system, which will send a notice of electronic filing to:

>Debra D. Fowler, Attorney for Defendant
>debra.fowler@usdoj.gov
>torts.aa.files@usdoj.gov
>
>Hunter J. Shkolnik, Attorney for Plaintiffs
>Brett S. Bustamante, Attorney for Plaintiffs
>hunter@napolilaw.com
>bbustamante@napolilaw.com

>/s/ Mark S. Northcraft
>Mark S. Northcraft
>Northcraft Bigby PC
>819 Virginia Street, Suite C-2
>Seattle, WA  98101
>Telephone:  (206) 623-0229
>Facsimile:  (206) 623-0234
>E-mail:  marks_northcraft@northcraft.com
>*Attorney for Plaintiffs*